**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

M.L. et al.,

*Plaintiffs/Counterdefendants*,

v.

MUNDO VERDE BILINGUAL PUBLIC CHARTER SCHOOL,

*Defendant/Counterplaintiff*.

Civil Action No. 24-1597 (TJK)

**MEMORANDUM ORDER**

M.L. attended a year of preschool at Mundo Verde Bilingual Public Charter School. While enrolled, she showed signs of anxiety and attention deficit hyperactivity disorder—ADHD—and struggled in school. Her parents brought an administrative action under the Individuals with Disability in Employment Act, or IDEA, on her behalf, arguing that Mundo Verde violated her statutory rights by failing to evaluate whether she needed accommodations or special education. After an IDEA hearing officer found for the school, M.L. and her parents sued, appealing the officer's IDEA determination and alleging other statutory and common-law claims. Mundo Verde now moves to dismiss in part, arguing that all claims except for the IDEA appeal should be dismissed for failure to state a claim. As explained below, the Court finds that the operative complaint states a claim for the relevant statutory claims, but not the common-law claim. So it will grant the motion to dismiss in part and allow most claims to proceed.

## I. Background

As alleged in the Second Amended Complaint, M.L. is a minor child who attended preschool at Mundo Verde in the 2022–23 school year. ECF No. 41 ¶ 9. Mundo Verde is a nonprofit organization chartered to operate a public charter school in the District of Columbia. *Id.* ¶ 6. "In

contrast to the previous year" of preschool elsewhere, at Mundo Verde M.L. allegedly began to "experience[] emotional problems and other problems at home and at school, including distractibility, attention problems, failure to follow instructions, inappropriate interactions with classmates, anxiety about attending school, outbursts, and temper tantrums." *Id.* ¶ 9. Shortly after the school year began, "M.L. was diagnosed with adjustment disorder with anxiety and began therapy." *Id.*

A few months into the school year—in November 2022—Mundo Verde contacted M.L.'s parents "with concerns about M.L.'s in-school behavior." ECF No. 41 ¶ 10. In response, M.L.'s mother "disclosed [M.L.'s] anxiety diagnosis and the problems at home, and suggested a '504' (accommodations) or other plan for her." *Id.* (second alteration in original). Although Mundo Verde "scheduled a meeting to discuss the situation," it allowed M.L. only "*ad hoc* accommodations" such as "bringing a stuffed animal from home"—but these measures allegedly "did not include everything that M.L. needed and were not implemented consistently." *Id.* Mundo Verde "did not recommend that M.L. be evaluated to determine the presence or absence of a disability that would qualify her for special education, accommodations, or other services." *Id.* Overall, "no formal plan was developed to create an entitlement to accommodations that could be enforced if the accommodations were not provided." *Id.* In addition, Mundo Verde did not involve its student services director in this meeting or discuss M.L.'s case with that school official, which allegedly violated its internal policy. *Id.* ¶ 11.

In February 2023, M.L.'s parents "arranged at their own expense for a psychological evaluation [of M.L.] that confirmed the anxiety diagnosis and indicated that an additional diagnosis of [ADHD] should be considered." ECF No. 41 ¶ 16. M.L.'s mother then "notified Mundo Verde of the preliminary conclusions of the evaluation and that the psychologist had recommended educational modifications and accommodations for M.L. and a 504 plan." *Id.* ¶ 17. Mundo Verde

"offered to schedule a meeting" to "review § 504 eligibility criteria," but M.L.'s parents and the school jointly "agreed to defer the meeting until the [psychologist's] final written report was ready." *Id.* Ultimately, the report "diagnosed M.L. with Anxiety Disorder, Unspecified and Rule Out: Attention-Deficit/Hyperactive Disorder, Predominantly Inattentive Type." *Id.* ¶ 21. In the report, the psychologist "made numerous recommendations for M.L.'s classroom placement and accommodations within the classroom." *Id.* M.L.'s parents received the report in late April 2023 and "subsequently provided a copy to Mundo Verde." *Id.* ¶ 19. But Mundo Verde "did not schedule a meeting to discuss the report and took no further action after the report became available." *Id.* ¶ 20.

After this diagnosis, "M.L. continued to report difficulty in school . . . and continued to manifest symptoms of anxiety at home." ECF No. 41 ¶ 26. She was "frequently tardy" due to "apprehensi[on] about going to school." *Id.* She received therapy throughout the school year. *Id.* Overall, at Mundo Verde, M.L. allegedly "did not receive all the educational services, supports, modifications or accommodations she needed as a student with a disability." *Id.* ¶ 25. The school supposedly did not "create a legally enforceable plan to provide these services, supports, modifications and accommodations" to M.L. *Id.* M.L. did not return to Mundo Verde the following year. *Id.* ¶ 34.

In February 2024, M.L. and her parents filed an administrative action under the IDEA against Mundo Verde. ECF No. 41 ¶ 27. They sought "reimbursement of the cost of M.L.'s private psychological evaluation and the costs of her [new school] attendance in 2023–24, a finding that she had been eligible for special education services during the 2022–23 school year, and reimbursement of their reasonable legal fees and expenses." *Id.*

The next month, M.L. and her parents—"Plaintiffs" here—sued Mundo Verde in the Superior Court of the District of Columbia, and Mundo Verde removed the case. ECF No. 1. Plaintiffs alleged violations of the District of Columbia Human Rights Act ("DCHRA"), Section 504 of the Rehabilitation Act, the Americans with Disabilities Act ("ADA"), and common-law negligence and gross negligence stemming from Mundo Verde's failure to evaluate M.L. for disabilities and special education services. ECF No. 1-1 ¶¶ 27–39.

In June 2024, an IDEA hearing officer issued a determination as to Plaintiffs' administrative action, finding "that Mundo Verde violated its IDEA 'child find' obligation by failing to act in February 2023 after learning that M.L. had . . . received a diagnosis of ADHD." ECF No. 41 ¶ 29–30. The officer "nevertheless declined to award M.L. and her parents any relief under IDEA, based upon his conclusion that there was insufficient evidence to support a finding that M.L. would have been found eligible for IDEA special education services had Mundo Verde followed legally required procedures." *Id.* ¶ 31. The next month, Plaintiffs amended their complaint to also include an appeal of the hearing officer's IDEA determination. ECF No. 9. Mundo Verde counterclaimed, seeking to reverse the hearing officer's determination that it violated IDEA's child find obligation when it failed to evaluate M.L. for services in February 2023. ECF No. 15.

In February 2025, the Court stayed the case pending the Supreme Court's decision in *A.J.T. ex rel. A.T. & G.T. v. Osseo Area Schools, Independent School District No. 279*, a case which addressed the applicable intent standard for ADA and Section 504 claims. Minute Order of Feb. 25, 2025; 605 U.S. 335 (2025). The Supreme Court decided *A.J.T.* in June 2025, and the Court then entered a new briefing schedule to govern Mundo Verde's anticipated motion to dismiss. Minute Order of June 26, 2025. Plaintiffs then moved again to amend their complaint, which the

Court permitted. ECF No. 31; Minute Order of Nov. 6, 2025. Mundo Verde now moves to dismiss the Second Amended Complaint in part. ECF No. 36.

Plaintiffs bring five counts in the Second Amended Complaint. Counts One, Two, and Three each allege that Mundo Verde discriminated against M.L. by failing to accommodate her disability. They are brought, respectively, under the DCHRA (Count One), Section 504 (Count Two) and the ADA (Count Three). ECF No. 41 ¶¶ 42–50. Count Four is a common-law negligence/gross negligence claim based on Mundo Verde's alleged failure to accommodate M.L. *Id.* ¶¶ 51–54. Count Five is an appeal of the hearing administrator's June 2024 decision denying relief on Plaintiffs' IDEA claim. *Id.* ¶¶ 55–58. Plaintiffs seek reimbursement of M.L.'s "evaluations, tuition, and related services," $200,000 in compensatory damages, and an order reversing the IDEA hearing officer's decision or remanding it for rehearing. *Id.* at 14–15.

Mundo Verde moves to dismiss Counts One through Four under Federal Rule of Civil Procedure 12(b)(6). ECF No. 36 at 2. It argues that Plaintiffs fail to state a claim on Counts One, Two, and Three because they fail to allege facts supporting a reasonable inference that, in discriminating against and failing to accommodate M.L., Mundo Verde acted with deliberate indifference. *Id.* On Count Four, Mundo Verde argues that Plaintiffs' negligence claim is barred as a matter of law, and their gross negligence claim otherwise fails to state a claim. *Id.*

## II. Legal Standard

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A plaintiff states a facially plausible claim when it pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court accepts as true "all well-pleaded factual allegations" and "construes reasonable inferences from those allegations in the plaintiff's

favor." *Sissel v. HHS*, 760 F.3d 1, 4 (D.C. Cir. 2014). But "mere conclusory statements" are not enough to establish a plausible claim, and courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A plaintiff's obligation to provide the grounds of its entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

## III. Analysis

Plaintiffs have plausibly alleged violations of the DCHRA, Section 504, and the ADA, but have failed to state a claim for negligence or gross negligence. So for the reasons explained below, the Court will deny Mundo Verde's motion as to Counts One through Three but will grant it as to Count Four.

### A. Plaintiffs' Statutory Claims (Counts One Through Three)

Counts One, Two, and Three are failure to accommodate discrimination claims brought under three statutes: the DCHRA, Section 504, and the ADA. These statutes obligate certain publicly funded schools to provide reasonable accommodations to ensure that students with disabilities have access to the same services as students without disabilities and make it a form of discrimination to fail to do so. *See* D.C. Code § 2-1402.41(1) (DCHRA); 29 U.S.C. § 794 (Section 504); 42 U.S.C. § 12101 et seq. (ADA). Plaintiffs request reimbursement of tuition and evaluation expenses as well as compensatory damages for each claim.

To state a claim for discrimination under any of these statutes based on a public entity's failure to provide a disabled student reasonable accommodations, a plaintiff must plead facts leading to a reasonable inference that (1) she was disabled, (2) the defendant had notice of her disability, and (3) it denied her request for a reasonable accommodation. *See Chenari v. George Wash. Univ.*, 847 F.3d 740, 746–47 (D.C. Cir. 2017); *Am. Council of the Blind v. Paulson*, 525 F.3d 1256,

1266 (D.C. Cir. 2008). In cases where a plaintiff requests only injunctive relief on a failure to accommodate claim under these statutes, she generally need not allege that the entity intentionally discriminated against her. *See Hunter ex rel. A.H. v. District of Columbia*, 64 F. Supp. 3d 158, 168 (D.D.C. 2014); *Gatling v. Jubilee Hous., Inc.*, No. 20-cv-3770 (FYP), 2022 WL 227070, at *8 n.2 (D.D.C. Jan. 26, 2022). But in other cases—including when a plaintiff requests compensatory damages under Section 504 or the ADA—she must also allege that the discrimination was intentional. *A.J.T.,* 605 U.S. at 344. Intent in these cases may be satisfied by pleading facts supporting "deliberate indifference."[1] *Id.* And deliberate indifference requires those facts to plausibly suggest that "the defendant disregarded a 'strong likelihood' that the challenged action would 'result in a violation of federally protected rights.'" *Id.* at 345.

Plaintiffs appear to concede that they must allege intentional discrimination to prevail on their federal claims for compensatory damages, but the parties dispute whether they must allege such discrimination for their DCHRA claim and for the requests for tuition and medical reimbursements under Section 504 and the ADA. *Compare* ECF No. 36 at 5–7 *with* ECF No. 37 at 11–14, 17–19. But the Court need not decide this question now, because Plaintiffs have pleaded facts that make out intentional discrimination—in other words, deliberate indifference—for each of their statutory claims.[2]

[1] Before *A.J.T.*, several circuits—though not the D.C. Circuit—had held that plaintiffs alleging ADA and Section 504 violations "based on educational services for disabled children" had to plead a higher standard of intentional discrimination—"bad faith or gross misjudgment." *A.J.T.*, 605 U.S. at 342–43 (cleaned up). *A.J.T.* clarified that the "deliberate indifference" standard applies in all circumstances, including claims based on a failure to provide appropriate educational services to disabled children. *Id.* at 344.

[2] Mundo Verde urges the Court to adopt an even more demanding formulation for "deliberate indifference" than the Court set out in *A.J.T.* 605 U.S. at 344. According to the school, the correct standard is not whether it disregarded a "strong likelihood" its actions would violate M.L.'s

To begin, Plaintiffs allege that M.L. was disabled, and they describe circumstances suggesting that Mundo Verde had notice of such as early as November 2022, when M.L.'s mother "disclosed [M.L.'s] anxiety diagnosis" to the school and "suggested" it begin evaluating her for an accommodations plan under Section 504, as well as when M.L.'s mother "notified" it a few months later about a psychological evaluation that had "confirmed [M.L.'s] anxiety diagnosis and indicated that an additional diagnosis of [ADHD] should be considered." ECF No. 41 ¶¶ 10, 16–17. Indeed, Plaintiffs say, M.L.'s mother told the school that "the psychologist had recommended educational modifications and accommodations for M.L. and a 504 plan." *Id.* ¶ 17. Plaintiffs also allege facts supporting the reasonable inference that Mundo Verde then failed to provide reasonable accommodations to M.L. by failing to evaluate her for a Section 504 plan or individualized specialized instruction, failing to involve its student services instructor, and otherwise failing to provide her accommodations. *Id.* ¶¶ 10–11, 15. And even if it is not a slam-dunk for Plaintiffs, the Court also finds that these allegations are enough—at this early stage—to support an inference that Mundo Verde disregarded a "strong likelihood" that the challenged action would "result in a violation of federally protected rights." *A.J.T.,* 605 U.S. at 345; *cf. Pierce v. District of Columbia*, 128 F. Supp. 3d 250, 279 (D.D.C. 2015) (on summary judgement, finding "deliberate indifference" standard satisfied for ADA and Section 504 claims because of the defendant's "knowing failure to

---

federal rights, *id.*, but whether its actions were "clearly unreasonable in light of the known circumstances," ECF No. 36 at 6 (quoting *Davis v. Monroe Cnty. Bd. of Educ*., 526 U.S. 629, 648 (1999)). But the case that Mundo Verde cites sets out the standard for a school's liability for peer-to-peer harassment in the *Title IX* context—not when school officials themselves are alleged to have discriminated by failing to provide reasonable accommodations for a disabled student. *See Davis*, 529 U.S. at 633. And Mundo Verde cites no case—and the Court is aware of none—in which the "clearly unreasonable" standard has been applied to a school's failure to accommodate a disabled student.

evaluate" the plaintiff's need for accommodation and then to provide it).[3] So the Court will deny Mundo Verde's motion to dismiss as to Counts One, Two, and Three, allowing those claims to proceed.

**B. Plaintiffs' Common-Law Negligence/Gross Negligence Claim (Count Four)**

In Count Four, Plaintiffs bring common-law negligence/gross negligence claims based on Mundo Verde's alleged failure to evaluate M.L. for special education, accommodations, or other services. ECF No. 41 ¶¶ 51–54. The Court will dismiss Count Four insofar as it asserts negligence because, under District of Columbia law, public schools—including charter schools—are generally immune from civil liability except for acts that "[c]onstitute[] gross negligence." D.C. Code § 38-1802.04(c)(17)(A)(i). Indeed, Plaintiffs appear to concede as much in their response. *See* ECF No. 37 at 25.

The Court will also dismiss Count Four to the extent it asserts a gross negligence claim, because Plaintiffs fail to state a claim for gross negligence. Under District of Columbia law, gross negligence is a hard standard to meet—it is a "failure to exercise even slight care," and requires allegations of "such negligence as would shock fair-minded men." *District of Columbia v. Walker*, 689 A.2d 40, 44 (D.C. 1997) (cleaned up). It "implies an extreme departure from the ordinary standard of care." *Id.* (cleaned up). After reviewing the allegations in the Second Amended Complaint closely, the Court cannot conclude Mundo Verde's purported actions were so extreme as to

[3] Mundo Verde also relies on a line of cases in this district holding that, when a plaintiff alleges a violation of the IDEA alongside claims under the ADA or Section 504, her ADA and Section 504 claims must consist of "something more than a mere failure to provide [a] 'free appropriate [public] education'"—in other words, may not be duplicative of her IDEA claim. ECF No. 36 at 5 (quoting *Reid-Witt ex rel. C.W. v. District of Columbia*, 486 F. Supp. 3d 1, 7 (D.D.C. 2020)). But that language cannot survive the Supreme Court's guidance in *A.J.T.* that "nothing in the IDEA restricts or limits the rights or remedies that other federal laws confer on children with disabilities." 605 U.S. at 348 (cleaned up). This "explicit edict applies even to a plaintiff who seeks relief that is also available under the IDEA." *Id.* (cleaned up).

shock the conscience, even if they plausibly make out violations of the statutes described above. So the Court will grant the Mundo Verde's motion to the extent it requests dismissal of Court Four.

## IV. Conclusion and Order

For all the above reasons, it is hereby **ORDERED** that Defendant's Motion to Dismiss, ECF No. 36, is **GRANTED IN PART** as to Count Four of the Second Amended Complaint and **DENIED** in all other respects. It is further **ORDERED** that Count Four is **DISMISSED**.

**SO ORDERED.**

/s/ Timothy J. Kelly
TIMOTHY J. KELLY
United States District Judge

Date: August 31, 2026